UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER STROJNIK,<br><br>    Plaintiff,<br><br>v.<br><br>MIRABEL HOTEL AND RESTAURANT GROUP LLC,<br><br>    Defendant. | Case No. 19-cv-02529-SVK<br><br>**ORDER REGARDING JANUARY 21, 2020 ORDER TO SHOW CAUSE HEARING** |

On May 10, 2019, Peter Strojnik, Sr. ("Plaintiff") filed the instant action against Mirabel Hotel and Restaurant Group LLC ("Defendant") alleging violations of the Americans with Disabilities Act ("ADA"), the California Unruh Civil Rights Act, the California Disabled Persons Act, and negligence per se. Dkt. 1. Service was timely and Defendant filed its answer on June 25, 2019. Dkt. 5.

ADA actions in this District governed by General Order ("G.O.") 56. *See* G.O. 56. G.O. 56 requires, in part, that the parties complete an in-person joint site inspection within 60 days of service of the complaint. G.O. 56 ¶ 7. The docket reflects no activity in this case since Defendant's answer was filed on June 25, 2019. Accordingly, on December 16, 2019, the Court ordered the parties to file a joint status report by January 3, 2020 detailing their compliance with G.O. 56. Dkt. 11. The Court also ordered the parties to appear on January 7, 2020 for an initial case management conference. *Id.* No status report was filed and neither party appeared at the case management conference. Dkt. 13.

On January 7, 2020, the Court ordered the parties to show cause why this case should not be dismissed for failure to prosecute. Dkt. 12. The parties were ordered to file a written response to the order by 12:00 p.m. on January 17, 2020 and were further ordered to appear before the

1 Court on January 21, 2020. *Id.* On January 17, 2020, Defendant filed a response to this Court's order to show cause. Dkts. 19, 20. The Court did not receive a response from Plaintiff. Both parties appeared before the Court on January 21, 2020. Having heard the parties' written and oral responses to this Court's order to show cause, the Court **ORDERS** as follows:

This Court is gravely concerned with the parties' lack of diligence in completing the provisions of G.O. 56. The Court will, however, give the parties a short extension to comply with the requirements of G.O. 56. The Court cautions Plaintiff that failure to comply with the following deadlines will result in the dismissal of this case.

The parties must complete their initial disclosures, including production of identified documents, pursuant to G.O. 56 ¶ 4 by **February 4, 2020**. These initial disclosures and productions must include documents that support Plaintiff's claim of disability under the ADA.

The parties must complete the joint site inspection pursuant to G.O. 56 ¶ 7 by **February 11, 2020**. If the parties agree that the joint site inspection is not necessary, the parties may proceed directly to the required in-person settlement meeting pursuant to G.O. 56 ¶ 8. For both the joint site inspection and the settlement meeting, both of which will take place in the Northern District of California, Plaintiff must fund his own travel costs.

The Court reminds the parties that all discovery and motion practice (except for motions under Rule 12(b)) are stayed pursuant to G.O. 56 ¶ 3. Requests to conduct specific discovery, including the Plaintiff's deposition, or to file any other motion may be made by stipulation and proposed order under Civ. L.R. 7-12 or by filing a Motion for Administrative Relief under Civ. L.R. 7-11.

**SO ORDERED.**

Dated: January 21, 2020

SUSAN VAN KEULEN
United States Magistrate Judge